[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for the recovery of $50,000.00, alleging a breach of an agreement between the plaintiffs' decedent, Jefferson Ketcham and the defendant, which agreement is dated February 1, 1988. The decedent and the defendant were married on September 14, 1985. The decedent had acquired title to property at 151 Green Acre Lane, Fairfield, Connecticut prior to his marriage to the defendant. The defendant contacted Attorney Robert Sullivan of Fairfield to set up an appointment to prepare an agreement regarding transfer of a one-half interest in this property to the defendant. The decedent and the defendant had discussed previous to this call to Attorney Sullivan putting the defendant's name on the title. Also, Attorney Sullivan had previously represented the decedent in other legal matters. Attorney Sullivan drew up the proposed agreement based on his conversation with the defendant. Attorney Sullivan prepared a draft agreement together with a conflict of interest letter which he mailed to both parties. On February 1, 1988, the plaintiff's decedent and the defendant went to Attorney CT Page 3871 Sullivan's office where they executed plaintiff's exhibit C, which is the agreement sued upon. The agreement provided that Jefferson Ketcham agreed to convey a fifty (50%) percent interest in the 151 Green Acre Lane, Fairfield, Connecticut property to the defendant so that the parties would be joint tenants with rights of survivorship. Said agreement further provided in paragraph thereof as follows:
 "It is further agreed and understood by the parties that the aforesaid obligation in clause #6 does not arise prior to the decree of legal separation or of dissolution referred to heretofore and that said obligation will not be taken into consideration or contemplated, in any fashion whatsoever, in a separation agreement negotiated subsequent hereto in anticipation of the entry of any decree of legal separation or of dissolution but it is agreed that any such separation agreement or any agreement whatsoever contemplating the divorce or legal separation of the parties shall be entered into as though this agreement does not exist so that JEFFERSON H. KETCHAM will receive in addition to any benefits he may otherwise be entitled to, the sum of Fifty Thousand No/100 ($50,000.00) Dollars from VANESSA A. KETCHAM.
A quit claim deed dated February 1, 1988 was also prepared by Attorney Sullivan and executed by Jefferson Ketcham on that date. Plaintiffs' Exhibit D. It was Attorney Sullivan's belief that this agreement was not a separation agreement but an agreement dealing with this property. Also, he knew of no marital difficulty between the parties at that time. The defendant testified that Jefferson Ketcham had a drinking problem during their marriage and she wanted an interest in this property in the event anything happened to her husband.
The parties subsequently separated and she instituted a dissolution action in 1988 and the marriage was dissolved in the Superior Court, Judicial District of New Haven on February 17, 1989. A transcript of the dissolution proceedings between Vanessa Ketcham and Jefferson Ketcham was submitted to this court and marked defendant's Exhibit 4.
The agreement of February 1, 1988 was not disclosed or brought to the attention of the court at the time of the dissolution. Furthermore the decedent's financial affidavit, CT Page 3872 defendant's Exhibit 2, only lists Jefferson Ketcham's interest in real property at 30 North Calvin Road, Weston, Connecticut and further, no reference to the $50,000.00 as recited in the February 1, 1988 agreement.
The safeguard for the public policy against collusive separation agreements rests in the process by which separation agreements are incorporated into decrees of dissolution of marriage. Under our statutes, a court has an affirmative obligation in divorce proceedings to determine whether a settlement agreement is fair and equitable under the circumstances." Hayes v. Bereford, 184 Conn. 558, 567-568, General Statutes § 46b-66:
The presiding judge has the obligation to conduct a searching inquiry to make sure that the settlement agreement is substantively fair and has been knowingly negotiated. Id. 568.
General Statutes § 46b-66 provides:
 In any case under this chapter where the parties have submitted to the court an agreement concerning . . . disposition of property, the court shall inquire into the financial resources of the spouses . . . in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the Court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court.
It is generally conceded that the law should encourage the resolution of financial, property and custody issues in divorce through the processes of mediation, negotiation and agreement rather than litigation. Those processes will be more likely to succeed if the parties and their lawyers know in advance that a full disclosure and fairness will be insisted upon by the courts when they are called upon to approve the agreement. That knowledge should give them the confidence to proceed without fear of being imposed upon. The Law of Domestic Relations in the United States, Homer H. Clark, Jr., Vol. 2, West Publishing, § 192, p. 415. In the instant case, no disclosure was made by either party to the Court at the time of the dissolution of their marriage. CT Page 3873
As stated in Baker v. Baker, 187 Conn. 315 (1982), at p. 321. It is well settled in Connecticut that agreements, such as the one involved in this case "when made not to facilitate divorce but solely as an amicable settlement of property affairs, and made in view of divorce proceedings already independently instituted or determined upon, are not necessarily contrary to public policy and void, unless concealed from the court. If submitted to and approved by the court with full opportunity for scrutiny before the decree, they are unobjectionable, but if concealed from the court they are contrary to public policy and will not be enforced . . . Further, the Baker court stated:
 "As a consequence of the agreement, both parties filed inaccurate and misleading financial affidavits with the trial court. The effect of these affidavits was to misinform the court as to the actual value of the assets held by each party. The significance of such misinformation cannot be ignored where, inter alia, the amount involved is such a large percentage of the final property disposition."
It is evident to this court that the parties concealed this agreement from this dissolution court, filed misleading financial affidavits, representing a substantial percentage of the property disposition. In view of this Court's finding that the instant agreement is unenforceable and void, the doctrine of re adjudicata need not be considered.
Accordingly, the Court enters judgment for the defendant.
BY THE COURT,
GROGINS, JUDGE